UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY L. BULLENE,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>   Defendant. | CASE NO. C12-808MJP-MAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  This matter comes before the Court on the objections to the Report and Recommendation filed by Magistrate Judge Theiler. Having reviewed the Report and Recommendation (Dkt. No. 17), Plaintiff's objections (Dkt. No. 18), Defendant's reply (Dkt. No. 19), and the remaining record, the Court ADOPTS the Report and Recommendation and AFFIRMS the Commissioner's decision that Plaintiff is not disabled.

### Background

  Plaintiff Tracy L. Bullene was born in 1963. (Dkt. No. 17 at 2.) She completed ninth grade, and previously worked as a factory worker, housekeeper, and retail assistant. (Id.) Plaintiff

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

suffers from osteoarthritis and chronic low back pain, tendonitis in her left shoulder and left hip, bilateral carpal tunnel syndrome, and various mental disorders, including depressive disorder, panic disorder, personality disorder not otherwise specified, and polysubstance dependence (in remission). (Id. at 2-3.) Plaintiff filed for Supplemental Security Income and Disability Insurance Benefits in May 2008. (Id. at 3.) Those applications were denied. (Id.) On November 16, 2010, the ALJ issued a decision finding Plaintiff not disabled. (Id.) Plaintiff timely appealed, and the Appeals Council denied Plaintiff's request for review on March 21, 2012. (Id.)

On October 18, 2012, Magistrate Judge Theiler issued a Report and Recommendation recommending that the ALJ's decision be affirmed. (Id.) Magistrate Judge Theiler found that the ALJ did not err in assessing Plaintiff's physical limitations, reasonably interpreted the evidence regarding Plaintiff's mental limitations, and did not err in discounting Plaintiff's credibility because the ALJ provided multiple clear and convincing reasons to disbelieve Plaintiff's subjective testimony. (Id. at 5-17.)

Plaintiff makes three specific objections to the Report and Recommendation. First, Plaintiff objects to Magistrate Judge Theiler's conclusion that the ALJ's reference to Plaintiff's daily activities constitutes a clear and convincing reason to disregard Plaintiff's testimony of pain and limitation. (Dkt. No. 18 at 2.) Second, Plaintiff objects to Magistrate Judge Theiler's conclusion that it was reasonable for the ALJ to find that Plaintiff's poor effort during evaluations undermined her credibility. (Id. at 7.) Finally, Plaintiff objects to Magistrate Judge Theiler's conclusion that the ALJ gave specific and legitimate reasons to reject the opinion of one of Plaintiff's evaluating psychologists, Dr. Thorpe. (Id. at 8.)

\

\

**Discussion**

1. <u>Legal Standard</u>

The Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. <u>See</u> <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as reasonable mind might accept as adequate to support a conclusion. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002).

Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for clear and convincing reasons. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). Where contradicted, a treating or examining physician's opinion may not be rejected without specific and legitimate reasons supporting by substantial evidence in the record for so doing. <u>Id.</u> at 830-31 (citations omitted). Rather than merely stating her conclusions, the ALJ must set forth her own interpretations and explain why they, rather than the doctors', are correct. <u>Embrey v. Bowen</u>, 849 F.2d 418, 421-22 (9th Cir. 1988).

2. <u>Adverse Credibility Determination</u>

Plaintiff's first two objections relate to Magistrate Judge Theiler's finding that the ALJ's decision to discount Plaintiff's credibility was reasonable. (Dkt. No. 18 at 2-8.) First, Plaintiff objects to Magistrate Judge Theiler's approval of the ALJ's determination that inconsistencies between Plaintiff's allegations and her activities of daily living supported an adverse credibility finding. (<u>Id.</u> at 2.) Second, Plaintiff objects to Magistrate Judge Theiler's approval of the ALJ's

determination that Plaintiff's poor effort and self-limiting behavior during evaluations undermined Plaintiff's credibility. (Id. at 7.) Each of these objections is meritless.

Plaintiff objects that Magistrate Judge Theiler improperly concluded that the ALJ was reasonable to rely on inconsistencies between Plaintiff's activities of daily living and her testimony to support a finding that the Plaintiff was not entirely credible. (Id. at 2.) Specifically, Magistrate Judge Theiler held that Plaintiff's reported abilities to take care of laundry, prepare simple meals, garden in her boyfriend's greenhouse, use public transportation, ride a bicycle, and take trips with her boyfriend to camp and fish contradicted Plaintiff's testimony that her physical and mental limitations prevent her from performing job duties or being around people. (Dkt. No. 17 at 16.) Plaintiff argues that the Ninth Circuit's decision in Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007), requires "that an ALJ must not only identify the activities which contradict specific portions of a claimant's testimony, but that the ALJ must also make findings that such activities are performed for a substantial part of the claimant's day, and that the activities are easily transferrable to the work environment." (Dkt. No. 18 at 2-3.)

But in Orn, the Ninth Circuit explains that there are "two grounds for using daily activities to form the basis of an adverse credibility determination." 495 F.3d at 639. Plaintiff asks the Court to use the test for "transferrable work stills," the second ground, but ignores the fact that Magistrate Judge Theiler and the ALJ relied on the first ground: when an applicant's activities contradict his other testimony. Id.; (Dkt. No. 19 at 5). Magistrate Judge Theiler clearly explained that Plaintiff's "activities contradict Plaintiff's testimony that her physical and mental limitations prevent her from performing job duties or being around people." (Dkt. No. 17 at 16.) This alone is enough to discount Plaintiff's credibility. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4

Plaintiff next objects that Magistrate Judge Theiler erred by concluding that it was reasonable for the ALJ to construe Plaintiff's poor effort during evaluations as evidence supporting an adverse credibility determination. (Dkt. No. 18 at 7.) Two of Plaintiff's examining psychologists, Dr. Lind and Dr. Thorpe, noted that Plaintiff did not put in full effort into their tests. (Dkt. No. 17 at 12-14.) Plaintiff attempts to distinguish her situation from the situation the Ninth Circuit considered in Thomas, because "Plaintiff did not make deliberate efforts to stymie the testing, and she cooperated with Dr. Thorpe in the consultative examination." (Dkt. No. 18 at 8); 278 F.3d at 959. But, while Dr. Thorpe did not specifically find that Plaintiff made deliberate attempts to impede testing, Dr. Lind observed that Plaintiff was not putting forth her best effort, gave up easily, was not fully cooperative with the examiner, and produced invalid test results. (Dkt. No. 19 at 3.) In Thomas, the Ninth Circuit explained that an ALJ's finding, supported by the record, that an applicant "failed to give maximum or consistent effort" during evaluations constituted compelling evidence to discount an applicant's testimony. 278 F.3d at 959. The Thomas court gave no reason why courts should distinguish between physical and mental evaluations. Id. Magistrate Judge Theiler did not err in finding that the ALJ was reasonable in using Plaintiff's poor effort as evidence supporting an adverse credibility determination.

Lastly, even if the Court accepted Plaintiff's two objects regarding the ALJ's adverse credibility determination, any error would be harmless because Plaintiff does not challenge the ALJ's third reason for discounting Plaintiff's credibility: objective medical evidence inconsistent with Plaintiff's subjective testimony. (Dkt. No. 17 at 16.) The ALJ noted that Plaintiff stopped her treatment at Whatcom Counseling and Psychiatric Clinic in October 2008 because she had met her treatment goals and that a social worker there assessed Plaintiff with a GAF score of 60, which indicates only moderate symptoms or moderate difficulty in social, occupation, or school

functioning. (Id. at 16-17.) Testimony that contradicts the medical record is a sufficient basis for rejecting the claimant's subjective testimony. Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008). Even if the Court found that one or more of the reasons given by the ALJ was not clear and convincing or supported by substantial evidence, the ALJ's adverse credibility minding must be upheld if "the ALJ's remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record." Id. at 1162-63. The ALJ's adverse credibility finding is adequately supported.

    3. <u>Opinion of Dr. Thorpe</u>

Plaintiff next objects to Magistrate Judge Theiler's conclusion that the ALJ gave specific and legitimate reasons to reject the opinion of Plaintiff's evaluating psychologist, Dr. Thorpe. (Dkt. No. 18 at 8.) While Magistrate Judge Theiler concluded that two of the ALJ's reasons for rejecting Dr. Thorpe's opinions were neither specific nor legitimate, Magistrate Judge Theiler found that "[i]t was reasonable for the ALJ to construe Dr. Thorpe's note that Plaintiff 'tends to give up before limits of abilities are reached' as a sign of malingering." (Dkt. No. 17 at 13.) Plaintiff objects that Magistrate Judge Theiler erred, because, unlike in the <u>Thomas</u> case, Plaintiff here made no deliberate efforts to impede the evaluation, and the ALJ in this case did not find that the test relied almost entirely upon subjective information. (Dkt. No. 18 at 9); 278 F.3d at 958. But Plaintiff's argument confuses the specific facts of the <u>Thomas</u> case with its holding. In <u>Thomas</u>, the Ninth Circuit held that an ALJ may reject the opinion of an examiner when the claimant puts forth poor effort during examinations. 278 F.3d at 958. That is precisely the case here. (Dkt. No. 17 at 13.)

Plaintiff's assertion that the ALJ's finding of malingering was incorrect because "Dr. Thorpe herself did not interpret any potential malingering" is unpersuasive. (Dkt. No. 18 at 9.) While Dr. Thorpe performed a one-time psychological evaluation, the ALJ was able to review all

1  the evidence, including Dr. Lind's specific finding that Plaintiff did not put her best effort into

2  the evaluation. (Dkt. No. 17 at 12-13.) Plaintiff's poor effort during both Dr. Lind's and Dr.

3  Thorpe's examinations constitutes a specific and legitimate reason for rejecting Dr. Thorpe's

4  opinion, even if Dr. Thorpe believed her own examination results were sufficiently valid to offer

5  an opinion. (See Dkt. No. 19 at 6.) The ALJ gave specific and legitimate reasons to reject Dr.

6  Thorpe's opinion.

## Conclusion

Because the ALJ's findings are supported by substantial evidence and free of harmful legal error, the Court ADOPTS Magistrate Judge Theiler's Report and Recommendation and AFFIRMS the Commissioner's decision that Plaintiff is not disabled.

The clerk is ordered to provide copies of this order to all counsel and to Magistrate Judge Theiler.

Dated this 19th day of January, 2013.

Marsha J. Pechman
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 7